**Robert E. COLEMAN, Plaintiff—Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., Defendants—Appellees.**

No. 09–57031.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 7, 2011.

Robert E. Coleman, Corcoran, CA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel L. Helfat, Deputy Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Robert E. Coleman, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and violation of the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment for Drs. Smith and Ofoegbu because Coleman failed to raise a genuine issue of material fact as to whether these defendants were deliberately indifferent to his knee problems and high blood pressure. *See id.* at 1057–58 (prison officials must know of and disregard a substantial risk of serious harm for their conduct to constitute deliberate indifference; negligence and a mere difference of opinion is insufficient).

The district court properly granted summary judgment for the Internal Classifica-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion Committee defendants because Coleman failed to raise a genuine issue of material fact as to whether these defendants were personally involved in denying a transfer for physical therapy. *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation....").

The district court properly granted summary judgment for the California Department of Corrections and Rehabilitation on Coleman's Rehabilitation Act claim because Coleman failed to raise a genuine issue of material fact as to whether he had a disability. *See Sanders v. Arneson Prods., Inc.,* 91 F.3d 1351, 1354 (9th Cir. 1996) (definition of disability). Moreover, Coleman failed to raise a triable issue as to whether he was denied benefits on account of his claimed disability or denied a reasonable accommodation in violation of the Rehabilitation Act. *See O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1060 (9th Cir.2007) (elements of a Rehabilitation Act claim); 28 C.F.R. § 35.130(b)(7) (addressing reasonable accommodations).

Coleman's remaining contentions, including those concerning discovery, are unpersuasive.

**AFFIRMED.**